**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| J.W. TAYLOR, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DUNKLIN COUNTY, MO, et al., )<br>)<br>Defendants. )<br>) | No.  1:24-cv-00236-ACL |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff J.W. Taylor, Jr.'s application to proceed in district court without prepaying fees and costs. Based on the financial information provided in plaintiff's application, the Court grants the application assesses an initial partial filing fee of $1.50. Additionally, on initial review, the Court will dismiss plaintiff's claims against defendant Dunklin County and order service of process on the complaint as to plaintiff's claims against defendant CO Alexander Ray.

**Initial Partial Filing Fee**

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action without prepaying fees and costs must pay the entire filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee at once, the Court will assess an in initial partial filing fee equal to the greater of either: (1) 20 percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20 percent of the average monthly balance in the prisoner's account over the same six-month period. *See* 28 U.S.C. §1915(b)(1). After payment of the initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *Id.* §

1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the fee is paid in full. *Id.*

Plaintiff has not submitted a certified account statement in support of his application. He states though that he earns a monthly salary at the Eastern Reception Diagnostic and Correctional Center (ERDCC) of $7.50. Thus the Court will assess an initial partial filing fee of $1.50, which is 20 percent of plaintiff's average monthly deposits.

**Legal Standard on Initial Review**

Because the Court has granted plaintiff's application to proceed in district court without prepaying fees and costs, his complaint is subject to review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this civil rights action under 42 U.S.C. § 1983 against Dunklin County, Missouri and Correctional Officer (CO) Alexander Ray. Plaintiff sues the Dunklin County in its official capacity and CO Ray in his individual capacity.

Plaintiff states that between September 17 and September 19, 2023, while incarcerated at the Dunklin County Jail, CO Ray tazed him and slammed him to the ground in his cell while he was restrained behind his back in handcuffs. Plaintiff states that CO Ray did not provide him medical assistance after the tazing and the beating. He states he suffers neck and back injuries and a rapid, irregular heartbeat. When asked what relief he seeks, plaintiff left this portion of the complaint form (Section IV) blank.

## Discussion

Plaintiff appears to assert claims under the Eighth Amendment for unnecessary use of force and deliberate indifference to serious medical needs. The Court will address these claims in turn, as applied to the relevant defendant.

**(1)     Defendant Dunklin County, MO**

A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Thus, there are three ways in which a plaintiff can potentially assert a municipal liability claim.

Here, plaintiff has not alleged any constitutional violation arose out of an official policy, unofficial custom, or a failure to train or supervise on the part of Dunklin County. Rather, he states that CO Ray did *not* follow the policies and procedures set out in the Dunklin County Jail handbook. *See* ECF No. 1 at 4. Thus, his claims against Dunklin County will be dismissed for failure to state a claim upon which relief may be granted.

**(2)     Defendant CO Alexander Ray**

*(a)     Excessive Force*

The Eighth Amendment forbids the "unnecessary and wanton infliction of pain" constituting cruel and unusual punishment. *Hudson v. McMillan*, 503 U.S. 1, 9-10 (1992); *see also Burns v. Eaton*, 752 F.3d 1136, 1138 (8th Cir. 2014) ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"). When a prison official is accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jackson v.*

*Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). The factors to be considered in determining whether force was used in good faith include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Here, plaintiff alleges he was handcuffed behind his back when CO Ray tazed and assaulted him. Given these circumstances, it is plausible that the application of force was unnecessary and not in an effort to maintain or restore discipline. For these reasons, the Court will issue process on plaintiff's claim of excessive use of force against CO Ray in his individual capacity.

### (b) Deliberate Indifference to Serious Medical Needs

To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). In other words, whether a prison official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need, while under the subjective prong, he or she must show that a prison official actually knew of but disregarded that serious medical need. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). Deliberate indifference can include the intentional denial or delay of access to medical care. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

Plaintiff states that after CO Ray tazed and assaulted him, he suffered from neck and back injuries and an irregular, rapid heartbeat. He states that CO Ray did not call for medical assistance after he was informed of plaintiff's injuries. The Court finds that plaintiff has stated a plausible claim that CO Ray intentionally denied plaintiff's access to medical care and was deliberately

indifferent to plaintiff's serious medical needs. For these reasons, the Court will issue process on plaintiff's claim of deliberate indifference against CO Ray in his individual capacity.

### Motion to Appoint Counsel

Finally, plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.50 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant CO Alexander Ray in his individual capacity at the address provided by plaintiff.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against defendant Dunklin County are **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED** without prejudice. [ECF No. 3]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 18th day of April , 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE